# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RICKY J. SHUGART § | |
| § | Civil Action No. 4:17-CV-633 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| DONALD K. HOOVER, ET AL. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's "Sworn Motion Plaintiff Believes He Cannot Get a Fair Trial From Judge Amos L. Mazzant" ("Motion to Recuse") (Dkt. #91). Having considered the relevant pleadings, the Court finds Plaintiff's Motion to Recuse (Dkt. #91) should be denied.

Plaintiff filed the instant Motion to Recuse on November 13, 2017, seeking to recuse the undersigned (*see* Dkt. #91). *Pro se* Plaintiff alleges, as the basis for recusal, that "[t]he defendants are judge shopping because they know Judge Mazzant is extremely partial to law enforcement and prejudiced to such individuals as [Plaintiff], being *pro se*, *in forma pauperis*, and towards [Plaintiff] personally" (Dkt. #91 at p. 1). As support for this contention, Plaintiff cites several of his dismissed civil rights and habeas corpus cases before the undersigned, and draws specific attention to *Shugart v. Six Unknown Fannin County Sheriffs, et al.*, 4:14-CV-782 (E.D. Tex. 2015), wherein the Court judicially screened and dismissed Plaintiff's claims pursuant to 28 U.S.C. § 1915.

Disqualification and recusal of a federal judge are governed by 28 U.S.C. §§ 144, 455. Plaintiff does not cite whether he brings his Motion under § 144 or § 455. In an abundance of caution, the Court considers Plaintiff's Motion under § 144 and § 455.

"Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Thornton v. Hughes, Watters & Askanase, LLP*, No. 2:16-CV-66, 2016 WL 8710442, at *5 (S.D. Tex. Oct. 21, 2016), *report and recommendation adopted,* No. 2:16-CV-66, 2016 WL 6775676 (S.D. Tex. Nov. 16, 2016) (citing 28 U.S.C. § 144). A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true, would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citing *Parrish v. Bd. of Comm. of Alabama St. Bar,* 524 F.2d 98, 100 (5th Cir. 1975)); *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986). If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. *Id*. Plaintiff's "Sworn" Motion fails to meet the requisite qualifications to be a legally sufficient affidavit, and therefore, fails under § 144. *See Thornton*, 2016 WL 8710442, at *4–5.[1]

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L.*

---

[1] Moreover, Plaintiff's Motion, filed over two months after the case was removed to this Court, is untimely. "The general rule on timeliness requires that 'one seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.'" *Collins v. Baylor Univ.*, No. 6:15-CV-112 RP, 2016 WL 7416141, at *2 n.1 (W.D. Tex. Dec. 21, 2016), *aff'd in part,* 693 F. App'x 379 (5th Cir. 2017), *cert. denied,* No. 17-839, 2018 WL 410949 (Jan. 16, 2018) (quoting *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998)).

*Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The United States Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974). Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

In the instant case, and as noted *supra*, Plaintiff asserts recusal is appropriate because the undersigned dismissed his previous lawsuits, which demonstrates "partial[ity] to law enforcement" and a bias against Plaintiff (Dkt. #91 at pp. 1–2). The entirety of Plaintiff's unfounded accusations relates to the undersigned's rulings as a district judge in Plaintiff's prior cases, which cannot form the basis of a motion to recuse in the instant case. *Thornton*, 2016 WL 8710442, at *4–5 ("To the extent that Plaintiffs complain of adverse rulings, such rulings are not an adequate basis for demanding recusal."); *Beemer v. Holder*, No. CV B-08-449, 2011 WL 13180172, at *4 (S.D. Tex. Aug. 19, 2011) (finding *pro se* plaintiff's allegations that the presiding judge's determinations in

other cases formed a basis for the judge's recusal in the pending case "[ran] afoul of the settled rule that 'inferences drawn from prior judicial determinations are insufficient grounds for recusal'"). "[T]rial *rulings* have a judicial *expression* rather than a judicial *source*" such that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994) (emphasis in original) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)).

Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (noting also that this applies to opinions manifested as "judicial remarks"). A judge's rulings instead "are proper grounds for appeal, not for recusal." *Id.*; *see also Thornton*, 2016 WL 8710442, at *5 ("The recusal and disqualification statutes are not designed to substitute for an appeal"). Plaintiff only cites the undersigned's judicial rulings, which are insufficient for the relief he seeks in his Motion. *See Haskett v. Orange Energy Corp.*, 161 F. Supp. 3d 471, 473–74 (S.D. Tex. 2015) (the court found the plaintiff's assertions that he was "'subjected to a merciless 'pencil-whipping' in the two cases previously assigned to this court,'" was insufficient to question the judge's impartiality); *see also United States v. Stanley*, 595 F. App'x 314, 320 (5th Cir. 2014) (the district judge's statements made in consideration of a case's issues "d[id] not demonstrate 'a deep-seated favoritism or antagonism that would make fair judgment impossible,' [and therefore,] they failed to support a claim for bias or prejudice"). Because Plaintiff's Motion fails to sufficiently show bias or prejudice, the Court finds no basis for recusal in this matter.

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff's "Sworn Motion Plaintiff Believes He Cannot Get a Fair Trial From Judge Amos L. Mazzant" (Dkt. #91) is hereby **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 31st day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE