# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

RICKY J. SHUGART §
§ Civil Action No. 4:17-CV-633
v. § (Judge Mazzant/Judge Nowak)
§
DONALD K. HOOVER, ET AL. §
§

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 26, 2018, the report of the Magistrate Judge (Dkt. #151) was entered containing proposed findings of fact and recommendations that Defendant Donald K. Hoover's Rule 12(b)(6) and Rule 12(b)(1) Motion to Dismiss, Motion to Abate Discovery (Dkt. #7) and Defendants Fannin County and John B. Setterberg's Second Rule 12(b) Motion to Dismiss Inmate Litigation, Affirmative Defenses and Motion to Abate Discovery (Dkt. #25) be granted in part and denied in part, and that Defendant Hoover's Motion for More Definite Statement Subject to his Motion to Dismiss (Dkt. #8) be denied as moot. Having received the report and recommendation of the Magistrate Judge (Dkt. #151), having considered Plaintiff's timely filed objections (Dkt. #153), Defendant Donald K. Hoover's Response (Dkt. #156), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## BACKGROUND

The facts in this case have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein. On September 5, 2013, Plaintiff Ricky J. Shugart was arrested for possession of more than 50 pounds of marijuana after Fannin County Sheriff's deputies executed a consented-to search of 5120 C.R. 2025, Ivanhoe, TX 75447. Law enforcement

discovered evidence of a marijuana grow-and-sale operation, which Plaintiff acknowledged responsibility for (Dkt. #25-3 at pp. 5–8, 12). Plaintiff entered a plea of guilty to possession of marijuana over 50 pounds and under 2,000 pounds, in violation of the Texas Controlled Substances Act, Section 481.121(b)(5) of the Texas Health and Safety Code on March 6, 2014, and was subsequently sentenced to ten years of imprisonment (Dkts. #7-4, #6-3 at pp. 28–29). As part of his plea bargain, Plaintiff waived his right to appeal (Dkt. #25-3 at pp. 25–26). Plaintiff was represented by court-appointed counsel, Donald Hoover, and the Government was represented by Fannin County prosecutor, John Setterberg.

On June 6, 2017, Plaintiff, proceeding *pro se*, filed the instant suit against Defendants Donald Hoover, Fannin County, and John Setterberg (collectively, "Defendants") in the 336th Judicial District Court of Fannin County, Texas (Dkt. #1 at p. 1), making this lawsuit his fifth and most recent suit attacking his arrest and conviction in Fannin County.[1] On September 8, 2017, Defendants removed the suit to the Eastern District of Texas, Sherman Division (Dkt. #1).

Plaintiff's Second Amended Complaint, the live pleading in this case, only pursues claims against Defendants Hoover and Assistant District Attorney Setterberg ("ADA Setterberg") (Dkt. #44). Plaintiff asserts he is entitled to recover against Defendant Hoover for Hoover's handling of his criminal defense; Plaintiff sues Defendant Setterberg for prosecuting Plaintiff and allegedly conspiring with Hoover to "fix" his criminal case (*see generally* Dkt. #44).

On September 19, 2017, Defendant Hoover filed his Rule 12(b)(6) and Rule 12(b)(1) Motion to Dismiss, Motion to Abate Discovery (Dkt. #7). On October 6, 2017, ADA Setterberg and Fannin County filed their Second Rule 12(b) Motion to Dismiss Inmate Litigation, Affirmative Defenses and Motion to Abate Discovery (Dkt. #25). On January 26, 2018,

---

[1] As the Magistrate Judge noted, Plaintiff has an extensive litigation history (Dkt. #151 at pp. 2–3, n. 2).

the Magistrate Judge entered a report (Dkt. #151), recommending that: (1) Defendant Hoover's Rule 12(b)(6) and Rule 12(b)(1) Motion to Dismiss, Motion to Abate Discovery (Dkt. #7) and Defendant Setterberg and Fannin County's Second Rule 12(b) Motion to Dismiss Inmate Litigation, Affirmative Defenses and Motion to Abate Discovery (Dkt. #25) be granted in part and denied in part; and (2) Defendant Hoover's Motion for More Definite Statement Subject to his Motion to Dismiss (Dkt. #8) be denied as moot. More specifically, with respect to Plaintiff's § 1983 claims, the Magistrate Judge found that: (1) the Eleventh Amendment bars Plaintiff's claims under § 1983 against ADA Setterberg in his official capacity and, in any event, divests the Court of jurisdiction over same; (2) all of Plaintiff's claims under § 1983 remain barred by *Heck*, because Plaintiff's conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus; (3) all of Plaintiff's claims under § 1983 are time-barred; (4) Plaintiff's claims under § 1983 against ADA Setterberg are barred by prosecutorial immunity; and (5) Plaintiff's claims under § 1983 against Defense Attorney Hoover fail because Hoover is not a "state actor" for § 1983 purposes. Concerning Plaintiff's state law claims, the Magistrate Judge found: (1) Plaintiff's claims for abuse of process, intentional infliction of emotional distress, negligent misrepresentation, DTPA, legal malpractice, libel, and false imprisonment are time-barred; and (2) because Plaintiff cannot establish that he has been exonerated from his 2014 conviction, Plaintiff is unable to prove causation, a required element of his state law fraud and breach of fiduciary duty claims. Plaintiff filed Objections to the report on February 7, 2018 (Dkt. #153). On February 9, 2018, Defendant Hoover filed a Response (Dkt. #156).

# OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff purports to object to the entirety of the Magistrate Judge's Report and Recommendation, "each page, each paragraph and each conclusion," and the failure to forward his recusal motion (Dkt. #91) to Chief Judge Clark. Plaintiff also generally re-urges and rehashes the arguments that he was wrongfully convicted, provided ineffective assistance of counsel, and not afforded a fair criminal trial. Plaintiff does not specifically object to any of the Magistrate Judge's individual findings. As Defendant Hoover points out, "[p]ursuant to F.R.C.P. 72 and Local Rule CV-72 (b), an objection to a magistrate judge's [report and recommendation] must be specific to the proposed findings and recommendations. Only objections that are sufficiently specific to focus the district court's attention on the factual and legal issues in dispute should be considered" (Dkt. #156 at p. 2). Notwithstanding that Plaintiff fails to assert any specific objections, the Court addresses the applicability of the *Heck* bar herein in light of Plaintiff's continued assertions of innocence and also Plaintiff's statements regarding the recusal motion.

*1.* **Heck** *Bar*

In the Report and Recommendation, the Magistrate Judge found:

Plaintiff pleaded guilty to possession of marijuana over 50 pounds and under 2,000 pounds and was sentenced to ten years imprisonment on March 6, 2014. . . . Plaintiff contends that in violation of Plaintiff's constitutional rights, Defendant Hoover failed to move to suppress the evidence seized from the allegedly illegal search, and conspired with Setterberg to convince Plaintiff to plead guilty. . . . In the instant case, a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction (i.e., that he was the victim of an unreasonable search and seizure in violation of the Fourth Amendment, and his defense attorney and the prosecutor conspired together to "case fix" his criminal prosecution by covering up the allegedly illegal search and seizure, resulting in his conviction). . . .

> Importantly, one of Plaintiff's previous actions under § 1983, wherein Plaintiff raised nearly identical allegations concerning his 2014 conviction, was dismissed as barred by *Heck*. *Shugart v. Six Unknown Fannin County Sheriffs, et al.*, 4:14-cv-782 (E.D. Tex. 2014) ("In the present case, the Plaintiff is complaining about the facts surrounding his conviction for possession of marijuana. In particular, he alleges that he was the victim of an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution. A judgment in his favor in this case would necessarily imply the invalidity of his conviction. He has not shown that his conviction has been invalidated. Consequently, the lawsuit is barred by *Heck*."). Here, all of Plaintiff's claims under § 1983 remain barred by *Heck*, because Plaintiff's conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

(Dkt. #151 at pp. 13–14) (certain internal citations omitted). Plaintiff objects that the Report and Recommendation "condone[d] and advocate[d] the entering of the citizen's home (all citizens no matter what they do behind their doors) by government officials to search and arrest the same, and convict without due process of law, – no warrants, no knock-[and]-announce, no opportunity to challenge the evidence seized on suppression, no fair opportunity at trial, no appeal, and no post conviction remedy" (Dkt. #153 at pp. 1–2). Plaintiff's objections fail to demonstrate that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

As the Magistrate Judge noted, "the Supreme Court unequivocally held [in *Heck v. Humphrey*, 512 U.S. 477 (1994)] that no cause of action exists under § 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional convictions or imprisonment, or otherwise collaterally attacking the constitutionality of the convictions that form the basis for their incarceration, *unless* the state prisoner can show that the state criminal conviction he is collaterally attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so." *Henry v. Kerr Cty., Texas*, No. SA:16-CV-284-DAE-PMA, 2016 WL 2344231, at *5 (W.D. Tex. May 2, 2016) (Dkt. #151 at p. 12) (emphasis in original).

Plaintiff's objections are essentially a rephrasing of his pleadings; he continues to assert his innocence. Plaintiff's claims are barred by *Heck*. He cannot employ this action to collaterally attack his state criminal conviction.

Insofar as Plaintiff also raises an innocence argument in relation to his state law claims, the same considerations are applicable. In the Report and Recommendation, the Magistrate Judge found:

> Because Plaintiff cannot establish that he has been exonerated from his 2014 conviction, Plaintiff is unable to prove causation: a required element of his fraud and breach of fiduciary duty claims. Texas state law "prohibits a convicted criminal defendant from suing his lawyer and seeking damages for the conviction unless he has first been exonerated." *Martinez v. Woerner*, No. 13-07-293-CV, 2008 WL 2744749, at *2 (Tex. App.—Corpus Christi, July 3, 2008, no pet.) (citing *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 498 (Tex. 1995)) . . . .Plaintiff's state law claims require him to establish causation. "Under the public policy articulated by the [Texas Supreme Court] in *Peeler*-and then echoed by [the Texas appellate courts] – [Plaintiff] cannot meet this causation requirement because he has not been exonerated." Accordingly, Plaintiff's state law claims fail as a matter of law. *Id*.

(Dkt. #151 at pp. 23–24) (certain internal citations omitted). "*Peeler* did not hold that a convicted party may never sue his defense attorney, but it did impose the limitation that a party may 'negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction *only if they have been exonerated* on direct appeal, through post-conviction relief, or otherwise.'" *Martinez*, 2008 WL 2744749, at *3 (quoting *Peeler,* 909 S.W.2d at 498) (emphasis in original). Because Plaintiff is unable to show that he has been exonerated, he is unable to meet the state law causation requirements. Accordingly, Plaintiff's objection is overruled.

## 2. *Recusal*

Plaintiff also seemingly objects to the Court's failure to forward his "Sworn Motion Plaintiff Believes He Cannot Get a Fair Trial From Judge Amos L. Mazzant" ("Motion to Recuse") (Dkt. #91) to Chief Judge Ron Clark for a decision (Dkt. #153 at p. 1). Considering Plaintiff's

Motion to Recuse under 28 U.S.C §§ 144, 455, the undersigned noted in the Order denying

Plaintiff's Motion to Recuse:

> "Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Thornton v. Hughes, Watters & Askanase, LLP*, No. 2:16-CV-66, 2016 WL 8710442, at *5 (S.D. Tex. Oct. 21, 2016), *report and recommendation adopted,* No. 2:16-CV-66, 2016 WL 6775676 (S.D. Tex. Nov. 16, 2016) (citing 28 U.S.C. § 144). . . . If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. [*Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990)]. Plaintiff's "Sworn" Motion fails to meet the requisite qualifications to be a legally sufficient affidavit, and therefore, fails under § 144. *See Thornton*, 2016 WL 8710442, at *4–5.
> . . . .
> Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)).

(Dkt. #152 at pp. 2–3). Plaintiff's conclusory objection that his Motion to Recuse should have been forwarded to Chief Judge Clark is contrary to the above-enumerated legal authority and lacks factual support. Accordingly, Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's timely filed objections (Dkt. #153), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #151) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant Donald K. Hoover's Rule 12(b)(6) and Rule 12(b)(1) Motion to Dismiss, Motion to Abate Discovery (Dkt. #7) and Defendants Fannin County and John B. Setterberg's Second Rule 12(b) Motion to Dismiss Inmate Litigation,

Affirmative Defenses and Motion to Abate Discovery (Dkt. #25) are **GRANTED IN PART AND DENIED IN PART**. Specifically, the Motions to Dismiss are granted in part as to Plaintiff's § 1983 and state law claims against Defendants Setterberg and Hoover. The Motions to Dismiss are denied in part as moot, based on Plaintiff's withdrawing his § 1985 claims and his claims against Fannin County. Accordingly,

The following claims are **DISMISSED**:

- Plaintiff's § 1983 and state law claims against John B. Setterberg in his individual and official capacities; and
- Plaintiff's § 1983 and state law claims against Donald Hoover.

It is further **ORDERED** that the Clerk of the Clerk terminate Fannin County pursuant to Plaintiff's voluntary dismissal.

It is further **ORDERED** that Defendant Hoover's Motion for More Definite Statement Subject to his Motion to Dismiss (Dkt. #8) is **DENIED AS MOOT**.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

 **SIGNED this 1st day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE